United States District Court
Southern District of Texas
**ENTERED**
July 24, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JESUS ALVAREZ, | § |
| Plaintiff, | § |
| VS. | § CIVIL ACTION NO. H-18-1661 |
| AZTEC/SHAFFER, LLC d/b/a SHAFFER SPORTS AND EVENTS, | § |
| Defendant. | § |

**MEMORANDUM AND ORDER OF REMAND**

Jesus Alvarez sued Aztec/Shaffer, LLC d/b/a Shaffer Sports and Events, and another defendant, Horne Tipps Trophy Suites, Inc. d/b/a Outback Sports, in Texas state court, alleging negligence and gross negligence causing injuries, and seeking damages. (Docket Entry No. 1-3). Shaffer removed to federal court on the basis of diversity jurisdiction. (Docket Entry No. 1 at 2). Alvarez moved to remand, and Shaffer responded. (Docket Entry Nos. 4, 7). Based on the parties' filings, the record, and the applicable law, Alvarez's remand motion is granted. The reasons are explained below.

**I.    Background**

Alvarez alleges that he fell on September 21, 2017, while installing equipment at a race track in Austin, Texas. (Docket Entry No. 1-3 at 1). Alvarez does not allege whom he was working for when he fell, but Outback Sports indicates that Alvarez was its employee. (Docket Entry No. 3 at 5). Alvarez alleged that the defendants forced him to work in an unsafe environment and did not provide necessary safety equipment. (*Id.* at 1). Shaffer is a citizen of Texas, and Outback Sports is

a citizen of Florida. (*Id.* at 2; Docket Entry No. 1 at 2).

Shaffer, the in-state defendant, removed, arguing that it was improperly joined to defeat diversity jurisdiction. (Docket Entry No. 1 at 2). Alvarez moved to remand, and Shaffer responded. (Docket Entry Nos. 4, 7). The parties have stipulated to dismissing Outback Sports, without prejudice. (Docket Entry Nos. 8, 9).

## II. The Legal Standard

A defendant may remove a case to federal court when federal subject-matter jurisdiction exists and the removal procedure has been properly followed. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1332(a). The burden is on the removing defendants who are invoking diversity jurisdiction. *Howery*, 243 F.3d at 916. Complete diversity is based on the citizenship of the real parties in interest; the court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980).

## III. Analysis

Shaffer and Alvarez are both Texas citizens. (Docket Entry Nos. 1-3 at 2; 8; 9). "Generally, jurisdiction is determined at the time the suit is filed. . . . However, addition of a nondiverse party will defeat jurisdiction." *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987). Dismissing the only diverse party also defeats diversity jurisdiction. *Cruz v. Pfizer, Inc.*, 2010 WL 1790413, at *2 (S.D. Tex. Apr. 30, 2010) ("The dismissal of the diverse party destroys this Court's diversity jurisdiction (if it ever existed in this case), as this action now only involves state law claims between Texas citizens."); *Janeau v. Pleasant Grove Indep. Sch. Dist.*, 2008 WL 4951727, at *7 (E.D.Tex. Nov.17,

2008) ("[T]here is not complete diversity between the parties at this time. Given Plaintiff's stipulation of dismissal regarding [the sole diverse defendant], Plaintiff's case now involves state law claims between non-diverse parties . . . .").

The remaining parties are both from Texas. The only claims are Alvarez's state-law negligence claims. The case is in an early stage. It is remanded to the state court. 28 U.S.C. § 1447(c).

## IV. Conclusion

Alvarez's remand motion, (Docket Entry No. 4), is granted. This case is remanded to the 125th Judicial District Court, Harris County, Texas.

SIGNED on July 19, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge